IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DANIEL LOURIM,                      )
                                    )
            Plaintiff,              )   2:10-cv-00350-GEB-EFB
                                    )
       v.                           )   ORDER*
                                    )
WASHINGTON MUTUAL BANK, FA;         )
WASHINGTON MUTUAL HOME LOANS;       )
GEORGE SANDERS; MARK SHELTON; and   )
DOES 1-20, inclusive,               )
                                    )
            Defendants.             )
_____)
```

On February 16, 2010, JPMorgan Chase Bank, NA, as an acquirer of certain assets and liabilities of Washington Mutual Bank, and Mark Shelton (collectively, "defendants"), filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's complaint. However, on March 5, 2010, Plaintiff timely filed a first amended complaint, which is now the operative pleading. See Hal Roach Studios, Inc., v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (stating an amended complaint supercedes the prior complaint); see also Fed. R. Civ. P. 15(a)(1)(B) (stating that "[a] party may amend its pleading once as a matter of course within . . .

---

* This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

21 days after service of a motion under Rule 12(b)"). Since the pending dismissal motion does not address the operative pleading, it is denied as moot.

However, Plaintiff's first amended complaint alleges six claims all under California law and specifically pleads that "[t]his is an action asserting violations of California State law." (First Amended Compl. ¶ 1.) Since Plaintiff is no longer pursuing any federal claim, the Court may sua sponte decide whether to continue exercising supplemental jurisdiction over Plaintiff's state law claims. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ." "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri, 114 F.3d at 1001. "Since state courts have the primary responsibility to develop and apply state law, . . . the Gibbs values do not favor continued exercise of supplemental jurisdiction over [Plaintiff's] state claims . . . ." Anderson v. Countrywide Fin., No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)). Therefore, Plaintiff's

1 | state law claims are dismissed without prejudice under 28 U.S.C. §
2 | 1367(c)(3).  This case shall be closed.

Dated:  March 22, 2010

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```